RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 10/28/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JESSIE LEE SAWYER<br>LA. DOC #86938<br>VS.<br><br>LOUISIANA DEPT. OF CORRECTIONS | CIVIL ACTION NO. 3:10-cv-0618<br>SECTION P<br>JUDGE ROBERT G. JAMES<br>MAG. JUDGE KAREN L. HAYES |

## RULING

*Pro se* Plaintiff Jessie Lee Sawyer ("Sawyer") filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 9, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). Although he is now incarcerated at the Richwood Correctional Center in Monroe, Louisiana, his complaints stem from his former confinement at the Madison Parish Correctional Center ("MPCC") in Tallulah, Louisiana.

On October 1, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 15] recommending that the Court dismiss Sawyer's Complaint as frivolous and for failure to state a claim as a matter of law.

On October 20, 2010, the Clerk of Court received and filed Sawyer's Objections [Doc. No. 16] to the Report and Recommendation.

Having fully reviewed the record in this matter, including Sawyer's Objections, the Court agrees with and ADOPTS the analysis and conclusion of the Magistrate Judge. The Court issues this Ruling to expound on its consideration of Sawyer's claim regarding his lack of dentures.

Sawyer complains that a dentist procured by MPCC pulled all of his teeth, but that he was not provided dentures even though he expressed his willingness to pay for dentures on February 16,

2010. Although Sawyer complains that he was unable to eat the "hard fried greasy food" served at the prison, he purchased food in the commissary and was apparently able to meet his basic dietary requirements in this manner.

While the Court is sympathetic to Sawyer's inability to obtain dentures while imprisoned at MPCC, he has failed to allege facts that are sufficient to survive frivolity review of his Eighth Amendment claim. In comparison, in *Vasquez v. Dretke*, 226 Fed. App'x 338, 2007 WL 756455 (5th Cir. Mar. 9, 2007), the plaintiff alleged that the defendants violated the Eighth Amendment by denying him dentures. Because he had no dentures, Vasquez alleged that he suffered from "difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool." *Id.* at *1. At the initial frivolity review, the Fifth Circuit found that Vasquez had alleged sufficient facts to state a claim for serious medical need. He established further that it was possible that two defendants, both of whom were dentists, were deliberately indifferent to his serious medical need when they participated in the decision of a dental committee that denied Vasquez's request for dentures on the grounds that Vasquez had not lost weight.

Similarly, in *Huffman v. Linthicum*, 265 Fed. App'x 162, 2008 WL 341573 (5th Cir. Feb. 6, 2008), a prisoner who suffered from "intense physical pain, swollen gums, weight loss, disfigurement, and stomach pain due to the failure of defendants to provide him with dentures" had established at the initial frivolity review that he "may have a serious medical need for dentures." *Id.* at *1. Huffman's claims against three of the defendants was based on their implementation and/or authorship of the prison policy on dentures, pursuant to which he was denied dentures. Thus, his claims against these three defendants were not subject to dismissal as frivolous.

In this case, however, Sawyer has not alleged the type of physical injuries or conditions to

2

suggest that his lack of dentures resulted in a "serious medical need." Nor has he alleged sufficient facts to show that the named Defendants–LDOC, Madison Parish Sheriff Larry Cox, Nurses Wanda Noland and Lidia Smith, and the nursing administration at MPCC–were deliberately indifferent to his medical need for dentures. Accordingly, the Court agrees with the Magistrate Judge that, based on the facts alleged in Sawyer's Complaint and Amended Complaint, Sawyer's claim regarding his lack of dentures fails to allege an Eighth Amendment violation as a matter of law and is appropriately dismissed.[1]

Monroe, Louisiana, this 28 of October, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Court has fully adopted the Report and Recommendation of the Magistrate Judge, including her analysis and conclusion on Sawyer's claim regarding his dentures as it pertained to his allegations about the meals provided at the MPCC.